MINERVA GUNN, Respondent, v. HENRY MOORE, Appellant.

*Boundary of a lot by the land of an adjoining owner — a recovery of part of the lot, as inclosed, by such adjoining owner — not a breach of a covenant of warranty — a statement as to the width of the lot is not a warranty.*

Where a deed bounds the property conveyed "on the west by a lot of land owned or occupied by Andrew Gunn, being thirty-three feet in width front and rear," the recovery of a judgment against the grantee therein by the owner of the lot on the west for the possession of a strip of land eighty-one feet long and about eighteen inches wide, which had been inclosed with the lot conveyed to the grantee, does not entitle the grantee to maintain an action for the breach

of a covenant of warranty contained in the deed, as the description contained in the conveyance did not embrace the strip in question, the grantor not having guaranteed the width of the lot to be thirty-three feet, and, in the absence of proof of the location of the east line of the lot, it not appearing that it was less than thirty-three feet wide.

APPEAL by the defendant, Henry Moore, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the 19th day of July, 1899, upon the decision of the court rendered after a trial before the court without a jury at the Tompkins Trial Term.

*David M. Dean,* for the appellant.

*F. E. Tibbetts,* for the respondent.

LANDON, J.:

The action is to recover damages for an alleged breach of a covenant of warranty. The defendant by his deed, executed March 30, 1895, conveyed to Helen M. Brokaw, the plaintiff's assignor, a parcel of land in the city of Ithaca, bounded as follows : On the north by Green street ; on the east by a lot now owned by Hiram Gee ; on the south by a lot owned by Levi Spaulding ; and on the west by a lot of land owned or occupied by Andrew Gunn ; being 33 feet in width, front and rear, and 200 feet in depth, and being the same premises conveyed to the party of the first part, by the deed of William Simms and wife, dated May 14, 1869, recorded, etc. The covenant was that " The party of the second part shall quietly enjoy the said premises ; that the said Henry Moore will forever warrant the title to said premises." The deed from Simms and wife to the defendant contained the same description except that the former owners or occupants of the adjoining lots were named instead of those mentioned in the deed given by the defendant.

Mrs. Brokaw took possession of the lot, and soon after, in an action of ejectment brought against her by Minerva Gunn, the owner of the adjoining lot on the west, judgment was recovered against her for a strip of land eighty-one feet long and about eighteen inches wide, which it was determined by the judgment belonged to Mrs. Gunn, but was inclosed with the lot conveyed by defendant to Mrs. Brokaw. In other words, the true boundary line between the two lots being ascertained upon the trial, the strip was

found to belong to Mrs. Gunn and not to Mrs. Brokaw. Mrs. Brokaw was thereupon evicted from the strip. Upon being sued, she gave notice to the defendant and required him to defend her title to the strip. The defendant failing to do this, Mrs. Brokaw, after the judgment against her, assigned her cause of action for damages against the defendant for breach of the covenant to Mrs. Gunn, this plaintiff.

It is obvious from this statement that the defendant did not in fact convey the strip in question to Mrs. Brokaw; the description by which he conveyed to her did not embrace it. He conveyed to the east line of the Gunn lot, and that line excluded this strip. The boundary line between the two lots, as described in the deeds to Mrs. Gunn and her grantors is a true north and south line, and does not in terms cover any of the land conveyed by the defendant to Mrs. Brokaw.

The defendant's covenant does not guarantee the width of the lot conveyed to Mrs. Brokaw to be thirty-three feet. Moreover, there is no proof of the true location of the east line of the lot conveyed to her, and, therefore, that the lot is of less width than that mentioned in the deed is not shown.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and a new trial granted, costs to abide the event.